IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD R. MCCISKILL,
    Plaintiff,

vs.                                                      Case No. 3:10cv56/LC/MD

MS. DEIDRICH, et al.,
    Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1) and a motion for leave to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissal of this action, leave to proceed *in forma pauperis* will be granted.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI"). His complaint names two defendants, both prison officials at Santa Rosa CI: Classification Officer Deidrich and Lieutenant Creel. In this § 1983 proceeding, plaintiff challenges a prison disciplinary conviction he received at Santa Rosa CI for engaging in an obscene profane act.[1] Specifically, he claims he was denied procedural due process because he was never informed of the disciplinary hearing team's decision or the evidence

---

[1] The disciplinary report was written on September 25, 2009. Plaintiff was convicted after a hearing held on October 1, 2009. (Doc. 1, p. 7 in ECF).

upon which it was based.[2]  As a result of the conviction, plaintiff spent 30 days in disciplinary confinement.  As relief, plaintiff seeks punitive damages, costs, and any other relief to which he is entitled.  (Doc. 1).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims

---

[2]Plaintiff waived his right to appear at the hearing.

*Case No: 3:10cv56/LC/MD*

across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Taking the allegations of the complaint as true and construing them in the light most favorable to the plaintiff, they fail to state a plausible due process claim. The Due Process Clause prohibits state action that deprives a United States citizen of life, liberty, or property without due process of law.  U.S. Const. amend. XIV.  A person alleging a violation of his right to due process must establish that he was deprived of an interest cognizable under the Due Process Clause, and that the procedures attendant upon that deprivation were not constitutionally sufficient. *Kentucky v. Dep't of Corrections v. Thompson*, 490 U.S. 454. 459-60, 109 S.Ct. 1904, 104 L.Ed 2d 506 (1989); *Board of Regents v. Roth*, 408 U.S. 564, 571, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

The Supreme Court has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement," but that "a liberty interest in avoiding particular conditions of confinement may arise from state policies or regulations, subject to the important limitations set forth in *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)."  *Wilkinson v. Austin*, 545 U.S. 209, 221-22, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174 (2005).  In *Sandin,* the Supreme Court redefined the circumstances in which a liberty interest will arise in the prison context for purposes of due process protections.  *Id.*, 515 U.S. at 484, 115 S.Ct. 2293.  Rejecting the prior manner of searching state statutes and prison regulations for mandatory language, the Supreme Court held that due process liberty interests "will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes

"atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*, 515 U.S. at 484, 115 S.Ct. at 2300. The *Sandin* Court concluded that the inmate's disciplinary conviction did not present a case where the State's action was so severe that it essentially exceeded the sentence imposed by the court, thereby triggering the Clause of its own force. Nor did the inmate's discipline (30-day placement in disciplinary segregation) present the type of "atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 515 U.S. at 485-86, 115 S.Ct. at 2301-02. As a result, the Court held that neither the prison regulation at issue nor the Due Process Clause itself afforded the inmate a constitutionally protected liberty interest. "After *Sandin*, . . . the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life." *Wilkinson*, at 223, 125 S.Ct. at 2394 (quotations omitted).

Under the guidance of *Sandin*, the Eleventh Circuit has held that a Florida prisoner's confinement in administrative segregation for two months did not impose an atypical and significant hardship on the prisoner. *Rodgers v. Singeltary*, 142 F.3d 1252, 1253 (11th Cir. 1998). In recent unpublished opinions, the court has held that a Florida prisoner's short sentences of disciplinary confinement did not trigger due process protections. *Smith v. Regional Director of Florida Dep't of Corrections*, No. 09-11443, 2010 WL 447014, at *3 (11th Cir. Feb. 10, 2010) (affirming dismissal of prisoner's § 1983 claims challenging 15- and 30-day disciplinary confinements on due process grounds; plaintiff failed to allege any facts which could be liberally construed to show that the disciplinary confinements were a major disruption to his environment as compared to placement in the general population); *Shaarbay v. Palm Beach County Jail*, No. 09-11294, 2009 WL 3401423, at *2 (11th Cir. Oct. 23, 2009) (holding that State's placement of prisoner in disciplinary confinement for 30 days

was neither "atypical" nor imposed a "significant hardship," and therefore did not constitute a due process violation; being handcuffed when out of his cell and having his access to resources monitored by guards were not a significant departure from general prison conditions); *Van Taylor v. McSwain*, No. 08-12238, 2009 WL 1636808, at *2 (11th Cir. June 12, 2009) ("Short sentences of disciplinary confinement do not tend to present the kind of 'atypical' and 'significant deprivation' to implicate the Due Process Clause absent a showing that the prisoner's isolation worked a major disruption in the inmate's environment when compared to his placement in the general population.").

District courts of this circuit have likewise held that a Florida prisoner's placement in disciplinary confinement for 30 days does not invoke due process protections. *See, e.g., Hartley v. McNeil*, No. 5:07cv101/RS/EMT, 2008 WL 1844416 (N.D. Fla. Apr. 23, 2008) (rejecting prisoner's due process challenge to disciplinary conviction that resulted in 30 days disciplinary confinement on the grounds that that penalty was not an "atypical, significant" deprivation invoking constitutional protection under *Sandin*), *mot. for certificate of appealability denied*, No. 08-14493 (11th Cir. Oct. 24, 2008); *Adamson v. McNeil*, No. 3:08cv231/RV/EMT, 2008 WL 5231869 (N.D. Fla. Dec. 12, 2008) (same), *mot. for certificate of appealability denied,* No. 09-10206 (11th Cir. Mar. 25, 2009); *Hartley v. McNeil*, No. 1:07cv22683, 2008 WL 3200213 (S.D. Fla. Aug. 6, 2008) (same), *mot. for certificate of appealability granted on other grounds*, No. 08-15292 (11th Cir. Jan. 20, 2009); *Hollingsworth v. Crosby*, 4:02cv402/RH/WCS (N.D. Fla. Oct. 14, 2003) (same), *mot. for certificate of appealability denied*, No. 04-11328 (11th Cir. June 24, 2004).

Here, although plaintiff alleges that he was improperly segregated, he fails to allege facts which could be liberally construed to show that his 30-day disciplinary confinement was a major disruption to his environment as compared to placement in the general population. *Sandin*, 515 U.S. at 485-86, 115 S.Ct. at 2301-02. Therefore, his complaint fails to state a plausible due process claim.

**Accordingly, it is ORDERED:**

**Plaintiff's motion to proceed** *in forma pauperis* **(doc. 2) is GRANTED for the limited purpose of dismissing this action.**

**And it is respectfully RECOMMENDED:**

**That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.**

**At Pensacola, Florida this 24th day of February, 2010.**

/s/ *Miles Davis*
　　　**MILES DAVIS**
　　　**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**